**DOCKETED**
**OCT 3 0 2001**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHELE SANTIAGO, | ) |
| Plaintiff, | ) |
| vs. | ) **01C 8293** |
| ORLAND PARK MOTOR CARS, INC. a.k.a. MERCEDES BENZ, | ) |
| | ) Plaintiff Demands Trial By Jury |
| Defendant. | ) |

FILED-E04
01 OCT 29 PM 3:44
U.S. DISTRICT COURT

**JUDGE LINDBERG**

**MAGISTRATE JUDGE SCHENKIER**

## COMPLAINT AT LAW

The plaintiff, MICHELE SANTIAGO, by and through her attorneys, **DOLAN & SHANNON, P.C.**, complains against defendant, ORLAND PARK MOTOR CARS, INC. a.k.a. MERCEDES BENZ, as follows:

### JURISDICTION AND VENUE

1. This Court's jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and 42 U.S.C. §2000e-5(f)(3). Supplemental jurisdiction is based upon 28 U.S.C. §1367(a).

2. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. § 1391(b). The acts complained of and the events at issue all took place in this district.

### PARTIES

3. MICHELE SANTIAGO ("SANTIAGO") is a female citizen of the United States and is and was at all relevant times a resident of Matteson, Illinois.

1

4. Defendant Orland Park Motor Cars, Inc., Inc. a.k.a. Mercedes Benz ("Mercedes Benz") is, and has at all relevant times been, a corporation with its principal place of business in Orland Park, Illinois. Mercedes Benz has continuously and does now employ more than twenty-five persons.

5. Since at least November, 1998, defendant Mercedes Benz has continuously been and is now an employer in an industry affecting commerce within the meaning of Section 701(b)(G) and (H) of Title VII, 42 U.S.C. § 2000-3(b)(G) and (h).

## ADMINISTRATIVE PROCEDURES

6. SANTIAGO has fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991. She timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") and has received a Right to Sue Letter. The Charge of Discrimination is attached hereto and made part hereof as Exhibit "A." The Right to Sue Letter is attached hereto and made part hereof as Exhibit "B."

## GENERAL ALLEGATIONS

7. Mercedes Benz is in the business of selling and servicing automobiles. Its Orland Park office consists of a sales and service division located at 8430 West 159th Street, Orland Park, Illinois.

8. On about October 1, 1999, Mercedes Benz hired SANTIAGO as a cashier to work in its BMW Store, at its Orland Park location. On about October 3, 1999, plaintiff was transferred to the Mercedes store.

9. On August 15, 2000 SANTIAGO was transferred to a sales position.

2

10. SANTIAGO remained in this position until she was terminated from the company on February 17, 2001.

11. Rick Tattoni was at all times material to this complaint, employed by Mercedes Benz as a new car salesman.

12. On or about December 23, 2001, defendant, through its agents and employee Rick Tattoni, began unwelcome and unsolicited verbal harassment, unreasonable, outrageous remarks and degradation, of SANTIAGO's person. The harassment included but is not limited to the following: Exposing plaintiff to material containing bare breasted women, conduct which plaintiff found offensive in the work place and then following plaintiff around the office making harassing comments to plaintiff for expressing her disgust at Rick Tattoni's conduct, stating plaintiff was "acting like she had never seen breasts before" and "like she didn't see any that morning."

13. On or about December 23, 2001, SANTIAGO verbally complained of the sexual harassment to James Subka, New Car Sales Manager who then communicated SANTIAGO's complaint to Dave Nocera, General Sales Manager and Julie Blish, Office Manager. Plaintiff was subsequently advised that corrective action was taken against Rick Tattoni.

14. In or about December 23, 2000 through February 17, 2001, SANTIAGO's terms and conditions of employment worsened. Amongst other things, Defendant treated SANTIAGO in a demeaning manner, by frequently removing her from the sales floor so that she was not able to make sales to reach her quota, and failing to give her credit for sales she made or facilitated, contrary to policy and practice. The harassment and conduct was continuous throughout plaintiff's employment.

15. On February 17, 2001, Plaintiff was terminated from her sales position by James Subka. When plaintiff asked why she was terminated, she was informed that "it just wasn't working

3

out." When Plaintiff pressed the point, James Subka stated that Plaintiff allegedly missed work on February 16, 2001, that she was twenty minutes late for work Tuesday of that week, and that she had not made her sales quota for the month. Plaintiff defended herself stating that she had not missed work as she had been approved to work the Chicago Auto Show by Steve Rogers, Regional Manager for Mercedes Benz Corporate and was able to provide proof that she was there and that they could not determine that she had not met her sales for the month as it was only the middle of the month and James Subka had failed to record several of Plaintiff's sales for the month.

16. After being terminated, Plaintiff filed a charge with the EEOC on February 20, 2001. (Exhibit A).

17. Defendant responded to the EEOC charge alleging that plaintiff was terminated strictly based on performance.

18. Defendant subsequently opposed plaintiff's application for unemployment benefits, alleging that she had been dismissed for misconduct.

## COUNT I
## DISCRIMINATION IN VIOLATION OF TITLE VII
## HOSTILE WORK ENVIRONMENT

19. SANTIAGO repeats and reasserts the allegations of paragraphs 1 through 18 as this paragraph 19.

20. Mercedes Benz discriminated against SANTIAGO in the terms, conditions and privileges of employment because of her sex (female), in violation of Title VII, and specifically:

   (a) Mercedes Benz, by and through its agents, supervisors or employees, condoned or knew or should have known of the unwelcome verbal conduct of a sexual nature, and discrimination by its agents, supervisors or employees, which created an intimidating, hostile or offensive work environment and failed to take appropriate remedial measures.

4

(b) Mercedes Benz, by and through its agents, supervisors or employees, placed unequal terms and conditions of employment upon SANTIAGO because she opposed the hostile and offensive work environment and because she reported sexual harassment.

(c) The foregoing acts and conduct by agents, supervisors or employees of Mercedes Benz at Mercedes Benz's place of business were unwelcome to SANTIAGO and unreasonably interfered with SANTIAGO's work performance and seriously affected her psychological well being.

(d) Defendant refused and failed to take prompt and appropriate action to prevent retaliatory conduct against Plaintiff after she complained about sexual harassment and discrimination.

(e) Defendant has engaged in, through its agents, a pattern and practice of retaliation and condoning retaliation against employees who complain of sexual harassment and discrimination. The actions of Defendant were intentional and negligent when it engaged in and condoned discrimination and retaliation against Plaintiff, which has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses and other consequential damages.

21. Mercedes Benz's wrongful acts, by and through its agents, were deliberate, intentional, willful, wanton, malicious, outrageous and in flagrant disregard and reckless indifference to SANTIAGO's civil rights.

22. SANTIAGO has suffered damages as a result of defendants' unlawful actions.

**WHEREFORE**, SANTIAGO respectfully prays that this Court enter judgment in her favor and against defendant Mercedes Benz and:

A. Permanently enjoin Mercedes Benz, its owners, officers, management personnel, employees, agents, successors and assigns and those acting in concert therewith from any conduct violating SANTIAGO's rights as secured by Title VII and the Civil Rights Act of 1964 as subsequently amended in 1991;

B. Order Mercedes Benz to pay SANTIAGO damages in an amount in excess of $250,000 compensate her for her injuries including but not limited to mental anguish, pain and suffering, humiliation, and her past emotional distress;

C. Order Mercedes Benz to pay punitive damages in an amount in excess of $250,000;

5

D. Order Mercedes Benz to pay SANTIAGO's costs of this action, including reasonable attorneys' fees, costs and expert witness costs under the Civil Rights Act of 1964 as subsequently amended in 1991; and

E. Grant such additional relief as the Court deems equitable and proper.

## COUNT II
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

23. SANTIAGO repeats and reasserts the allegations of paragraphs 1 through 22 as this paragraph 23.

24. Defendant's conduct toward SANTIAGO was extreme, outrageous and reckless. Said conduct includes but is not limited to the aforesaid verbal and retaliatory harassment (both sexual and non-sexual).

25. Pursuant to Title VII of the Civil Rights Act of 1964, as subsequently amended in 1991, Defendants had a duty to ensure a safe and professional environment for plaintiff to work in, free of hostility and offensiveness. Defendants did not have a written sexual harassment policy in effect at the time plaintiff was employed, nor by the time she was terminated. Thus, Plaintiff had no means of recourse, guidance or direction as to company policies or procedures for filing a complaint or grievance.

26. Defendants knew that their conduct would inflict severe emotional distress or knew that their conduct was certain or substantially certain to cause SANTIAGO severe emotional distress.

27. Knowing, either explicitly or implicitly, that plaintiff was suffering severe emotional distress as a direct result of the conduct of defendant's agents, supervisors or employees, defendants failed to resolve the harassment in an effective manner.

28. As a result of defendants' conduct, it breached its duty causing severe emotional distress, anguish, nervous tension and anxiety.

**WHEREFORE**, plaintiff respectfully prays that this Court enter judgment in her favor and against all defendants and:

A. Order defendants to pay plaintiff all economic losses she sustained and will in the future sustain by reason of the negligent infliction of emotional distress, including prejudgment interest on such amounts;

B. Order defendants to pay plaintiff compensatory damages in an amount to be determined at trial for the severe emotional distress which she has suffered;

C. Order defendants to pay plaintiff punitive damages in an amount to be determined at trial; and

D. Order any further relief this Court deems just and proper.

## COUNT III
## RETALIATION

29. Plaintiff repeats and reasserts the allegations in paragraphs 1 through 28 as this paragraph 29.

30. On December 23, 2000, Plaintiff complained about the improper actions of Rick Tattoni to her supervisor James Subka and he subsequently advised Dave Nocera and Julie Blish.

31. Immediately thereafter, defendant began removing plaintiff from the sales floor so she was unable to meet her quotas, failed to give her credit for sales she made, and failed to split sales on which she assisted, on contrary to customary procedure.

32. On February 17, 2001, Plaintiff was terminated from her sales position by James Subka. When plaintiff asked why she was terminated, she was informed that "it just wasn't working out." When Plaintiff pressed the point, James Subka stated that Plaintiff allegedly missed work on

7

February 16, 2001, that she was twenty minutes late for work Tuesday of that week, and that she had not made her sales quota for the month. Plaintiff defended herself stating that she had not missed work as she had been approved to work the Chicago Auto Show by Steve Rogers, Regional Manager for Mercedes Benz Corporate and was able to provide proof that she was there and that they could not determine that she had not met her sales for the month as it was only the middle of the month and James Subka had failed to record several of Plaintiff's sales for the month.

33. On information and belief, defendant continued to retaliate against plaintiff after she left their employment by failing to give neutral information on references for subsequent job contacts, which kept plaintiff out of work for a period of eight months.

**WHEREFORE,** Plaintiff, MICHELE SANTIAGO, demands judgment against defendant, ORLAND PARK MOTOR CARS, INC, a/k/a MERCEDES BENZ, and respectfully requests:

- A. All wages and benefits Plaintiff SANTIAGO would have received but for the discrimination, including pre-judgment interest;

- B. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, emotional distress and deprivation caused by Defendant's conduct;

- C. Defendant be required to pay pre-judgment interest to Plaintiff on these damages;

- D. A permanent injunction enjoining Defendant from engaging in discriminatory practices complained of herein;

- E. A permanent injunction requiring Defendant adopt employment practices and polices in accord and in conformity with the requirements of Title VII, 42 U.S.C. § 2000(e)

et. seq.;

F. The court retain jurisdiction of the cause until such time as it is assured that Defendant has remedied the policies and practices complained herein and are determined to be in full compliance with the law;

G. An award of attorney's fees, costs, and litigation expenses;

H. Punitive damages against Defendant ORLAND PARK MOTOR CARS, INC. a/k/a MERCEDES BENZ as allowed by law;

I. And such other relief as the court may deem just or equitable.

BY: *[signature]*

One of the Attorneys for Plaintiff
*MICHELE SANTIAGO*

**DOLAN & SHANNON, P.C.**
10 South LaSalle Street
Suite 2104
Chicago, Illinois 60603
(312) 578-9500
ARDC# 6198500

# CHARGE OF DISCRIMINATION

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA ☒ EEOC | 210A11881 |

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

Illinois Dept. of Human Rights and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Ms. Michele L. Santiago | (708) 720-3199 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | DATE OF BIRTH |
| 651 Oxford Avenue, Matteson, IL 60443 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(If more than one list below.)*

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Orland Park Motor Cars | Cat A (15-100) | (708) 460-0400 |
| STREET ADDRESS / CITY, STATE AND ZIP CODE | | COUNTY |
| 8430 W. 159th St., Orland Park, IL 60462 | | 031 |

CAUSE OF DISCRIMINATION BASED ON *(Check appropriate box(es))*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ OTHER *(Specify)*

DATE DISCRIMINATION TOOK PLACE
EARLIEST — LATEST: 02/17/2001
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed, attach extra sheet(s)):*

I was hired by the Respondent on October 1, 1999. In August 2000 I was promoted to a Sales position. During my employment, I was denied split-sale commissions and I was denied training, and I did not receive my share of "bones" sales. In December 2000, I was subjected to sexual harassment by a co-worker. In December 2000 I complained of the sexual harassment to Respondent. On February 17, 2001, I was terminated.

I believe that I have been discriminated against on the basis of my sex, female, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - *(When necessary for State and Local Requirements)*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

Date 2/20/01  Michele Santiago
*Charging Party (Signature)*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Month, day and year)*

EEOC FORM 5 (Rev. 07/99)

EXHIBIT A

Equal Employment Opportunity Commission

## DISMISSAL AND NOTICE OF RIGHTS

To: Michele L. Santiago
651 Oxford Avenue
Matteson, IL 60443

From: Equal Employment Opportunity Commission
500 West Madison
Suite 2800
Chicago, Illinois 60661

Certified No.: 7099 3400 0006 7300 8303

[ ] *On behalf of a person aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 210A11881 | Evelyn Kim, Investigator | (312) 886-2389 |

*(See the additional information attached to this form.)*

YOUR CHARGE IS DISMISSED FOR THE FOLLOWING REASON:

[ ] The facts you allege fail to state a claim under any of the statutes enforced by the Commission

[ ] Respondent employs less than the required number of employees.

[ ] Your charge was not timely filed with the Commission, *i.e.*, you waited too long after the date(s) of the discrimination you alleged to file your charge. Because it was filed outside the time limit prescribed by law, the Commission cannot investigate your allegations.

[ ] You failed to provide requested information, failed or refused to appear or to be available for necessary interviews/conferences, or or otherwise refused to cooperate to the extent that the Commission has been unable to resolve your charge. You have had more than 30 days in which to respond to our final written request.

[ ] The Commission has made reasonable efforts to locate you and has been unable to do so. You have had at least 30 days in which to respond to a notice sent to your last known address.

[ ] The respondent has made a reasonable settlement offer which affords full relief for the harm you alleged. At least 30 days have expired since you received actual notice of this settlement offer.

[X] The Commission issues the following determination: Based upon the Commission's investigation, the Commission is unable to to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] Other *(briefly state)* _____

- NOTICE OF SUIT RIGHTS -

[X] Title VII and/or the Americans with Disabilities Act: This is your NOTICE OF RIGHT TO SUE, which terminates the Commission's processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] Age Discrimination in Employment Act: This is your NOTICE OF DISMISSAL OR TERMINATION, which terminates processing of your charge. If you want to pursue your charge further, you have the right to sue the respondent(s) named in your charge in a court of competent jurisdiction. If you decide to sue, you must sue **WITHIN 90 DAYS** from your receipt of this Notice; otherwise your right to sue is lost.

[ ] Equal Pay Act (EPA): EPA suits must be brought within 2 years (3 years for willful violations) of the alleged EPA underpayment.

On behalf of the Commission

_____ 7-31-01 _____       _____ John P. Rowe _____
                              John P. Rowe, District Director

Enclosures
  Information Sheets
  Copy of Charge
cc: Respondent(s)     Orland Park Motor Cars

EEOC Form 161 (Test 5/95)


EXHIBIT B

Case: 1:01-cv-08293 Document #: 1 Filed: 10/29/01 Page 12 of 13 PageID #:12

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
## Eastern Division

In the Matter of

MICHELE SANTIAGO,
-VS-
ORLAND PARK MOTOR CARS, INC. a/k/a
MERCEDES BENZ

Case Number: 01C 8293



DOCKETED
OCT 30 2001

JUDGE LINDBERG

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MICHELE SANTIAGO

~~MAGISTRATE JUDGE SCHENKIER~~

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: MARTIN A. DOLAN | NAME: JENNIFER O'REILLY SHELLY |
| FIRM: DOLAN & SHANNON, P.C. | FIRM: DOLAN & SHANNON, P.C |
| STREET ADDRESS: 10 SOUTH LASALLE STREET, SUITE 2104 | STREET ADDRESS: 10 SOUTH LASALLE STREET, SUITE 2104 |
| CITY/STATE/ZIP: CHICAGO, ILLINOIS 60603 | CITY/STATE/ZIP: CHICAGO, ILLINOIS 60603 |
| TELEPHONE NUMBER: (312) 578-9500 | TELEPHONE NUMBER: (312) 578-9500 |
| IDENTIFICATION NUMBER: 06198500 | IDENTIFICATION NUMBER: 6271437 |
| MEMBER OF TRIAL BAR? YES ✓ NO | MEMBER OF TRIAL BAR? YES NO ✓ |
| TRIAL ATTORNEY? YES ✓ NO | TRIAL ATTORNEY? YES NO ✓ |
|  | DESIGNATED AS LOCAL COUNSEL? YES NO ✓ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: JERRY JOYCE | NAME: |
| FIRM: DOLAN & SHANNON, P.C. | FIRM: |
| STREET ADDRESS: 10 SOUTH LASALLE STREET, SUITE 2104 | STREET ADDRESS: |
| CITY/STATE/ZIP: CHICAGO, ILLINOIS 60603 | CITY/STATE/ZIP: |
| TELEPHONE NUMBER: (312) 578-9500 | TELEPHONE NUMBER: |
| IDENTIFICATION NUMBER: 6244584 | IDENTIFICATION NUMBER: |
| MEMBER OF TRIAL BAR? YES NO ✓ | MEMBER OF TRIAL BAR? YES NO |
| TRIAL ATTORNEY? YES NO ✓ | TRIAL ATTORNEY? YES NO |
| DESIGNATED AS LOCAL COUNSEL? YES NO ✓ | DESIGNATED AS LOCAL COUNSEL? YES NO |

FILED 01 OCT 29 PM 3 44 U.S. DISTRICT COURT CLERK



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**DOCKETED OCT 3 0 2001**

# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

**Plaintiff(s):** MICHELE SANTIAGO

County of Residence: Cook

Plaintiff's Atty: DOLAN & SHANNON, P.C.
10 SOUTH LASALLE STREET,
SUITE 2104
CHICAGO, ILLINOIS 60603
(312) 578-9500

**Defendant(s):** ORLAND PARK MOTOR CARS, INC. a/k/a MERCEDES BENZ

County of Residence: Cook

Defendant's Atty:

**JUDGE LINDBERG**

**01C 8293**

II. Basis of Jurisdiction:   3. Federal Question (U.S. not a party)   MAGISTRATE JUDGE SCHENKIER

III. Citizenship of Principle Parties
(Diversity Cases Only)
  Plaintiff:- 1 Citizen of This State
  Defendant:- 4 IL corp or Principal place of Bus. in IL

IV. Origin :   **1. Original Proceeding**

V. Nature of Suit:   **440 Other Civil Rights**

VI. Cause of Action:   **TITLE VII CIVIL RIGHTS ACT 1991 AND STATE CLAIM**

VII. Requested in Complaint
  Class Action: No
  Dollar Demand:
  Jury Demand: Yes

VIII. This case **IS NOT** a refiling of a previously dismissed case.

Signature: [signature]

Date: 10-29-01

**FILED-ED4 01 OCT 29 PM 3:44 U.S. DISTRICT COURT CLERK**

If any of this information is incorrect, please go back to the Civil Cover Sheet Input form using the *Back* button in your browser and change it. Once correct, print this form, sign and date it and submit it with your new civil action. **Note: You may need to adjust the font size in your browser display to make the form print properly.**   Revised: 06/28/00