## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Sidney I. Schenkier | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 8293 | **DATE** | 2/17/2004 |
| **CASE TITLE** | Santiago vs. Orlando Park Motor Cars, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons stated in the attached Memorandum Opinion and Order, Orlando Park's bill of costs is granted in part and denied in part. The Court awards costs in the amount of $2,008.80, consisting of $1,961.20 in transcript costs, and $47.60 in photocopying expenses.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | FEB 1 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 53 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT | | |
| mm | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
FEB 18 2004

MICHELE SANTIAGO, )
)
Plaintiff, )
) No. 01 C 8293
vs. )
) Magistrate Judge Schenkier
ORLAND PARK MOTOR CARS, INC., )
a/k/a MERCEDES BENZ, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

On November 19, 2003, this Court granted summary judgment for the defendant, Orland Park Motor Cars, Inc. ("Orland Park"), and against the plaintiff, Michele Santiago, on her Title VII claim for hostile work environment. *See Santiago v. Orland Park Motor Cars, Inc.*, WL 22765057 (N.D. Ill. Nov. 20, 2003). As the prevailing party in this lawsuit, Orland Park has filed a bill of costs seeking $2,989.47 (Def.'s Notice of Filing, at 2). Michele Santiago has objected to the bill of costs (Pl.'s Obj., at 1). For the reasons that follow, the Court grants in part and denies in part the bill of costs, and awards $2,008.80 in costs to Orland Park.

I.

Pursuant to Federal Rule of Civil Procedure 54(d)(1), "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Consistent with this directive, "the prevailing party is *prima facie* entitled to costs and it is incumbent on the losing party to overcome the presumption." *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994) (emphasis added) (citations omitted). This "presumption [favoring the award of costs] is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs

unless it states good reasons for denying them." *Weeks v. Samsung Heavy Indust. Co. Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). Generally, only two reasons justify denying costs: (1) misconduct by the prevailing party worthy of penalty, or (2) the losing party's inability to pay. *Id.*

Plaintiff here does not assert any misconduct by Orland park, but does claim she "is financially unable to pay costs" (Pl.'s Obj. at 1). To invoke the "inability to pay" exception, a party must demonstrate by admissible evidence not merely that payment would be a burden, but that she is indigent. *Reed v. Int'l. Union*, 945 F.2d 198, 204 (7th Cir. 1991); *Jansen v. Packaging Corporation of American*, 1997 U.S. Dist. LEXIS 14106, at *3 (N.D. Ill. September 11, 1997). A party is indigent if she is "incapable of paying the court-imposed costs at this time or in the future." *McGill*, 18 F.3d at 459 (citations omitted).

To support her claim of indigency, the plaintiff has submitted a declaration stating that (1) she is currently unemployed; (2) she and her husband must support their three children on his monthly net salary of $1,400 - $1,500; and (3) her family recently lost its home to foreclosure (Pl.'s Obj., Ex. A). Additionally, plaintiff submitted a copy of the U.S. Department of Health and Human Services 2003 Poverty Guidelines, which show the Santiago income level places them barely above the poverty line (*Id.*). On this basis, the plaintiff states that she is "presently unable to afford payment of the costs defendant seeks" (*Id.*). However, the declaration is insufficient to demonstrate indigency. "It is not just a matter of [Ms. Santiago] being unable to presently pay the costs; it must also be shown that [she] is not likely to pay the costs in the future." *Jansen*, 1997 U.S. Dist. LEXIS 14106, at *3. The plaintiff is *currently* unemployed, but she has been employed in the past, and she has failed to show that she will be unable to secure employment in the future. Accordingly, the plaintiff has failed to show that she is indigent, and the defendant is entitled to an award of costs.

2

## II.

Thus, we turn to the question of what costs are recoverable. Under 28 U.S.C. § 1920, certain enumerated costs may be covered by a prevailing party: (1) fees of the clerk and marshal; (2) fees of the court reporter for all and any part of the stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. 1923; (6) compensation of Court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. Provided that they fall within one of these statutory categories, costs are recoverable if they are both reasonable and necessary to the litigation. *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000). Costs that are incurred merely for the convenience of the prevailing party may not be recovered. *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993).

### A. Deposition Transcripts.

Orland Park seeks $2,326.85 in costs for obtaining four deposition transcripts (Def.'s Notice of Filing, Exs. A, B, C; Def.'s Resp. to Pl.'s Obj. to Bill of Costs, at 5-6). Recovery of costs for deposition transcripts is authorized by Section 1920(2), which permits an award of costs for transcripts "necessarily obtained for use in the case." The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary." *Barber*, 7 F.3d at 645 (quoting *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 867 (7th Cir. 1981)). Further, "the determination of necessity must be made in light of the facts known at the time of the deposition, without regard to intervening developments that later render the deposition unneeded...." *Hudson v. Nabisco Brands, Inc.*, 758 F.2d 1237, 1243 (7th Cir. 1985)

3

(overruled on grounds not relevant here by *Provident Bank v. Manor Steel Corp.*, 882 F.2d 258 (7th Cir. 1989)); *see also Movitz v. First Nat'l Bank of Chicago*, 982 F. Supp. 571 (N.D. Ill. 1997). Plaintiff claims that defendant has failed to demonstrate that these deposition transcripts costs were "reasonably necessary" and that the costs claimed by the defendant are excessive (Pl.'s Obj., at 4-6). We therefore turn to the question of whether each of the deposition transcripts in question and their associated costs were "reasonably necessary."

### 1. Plaintiff's Deposition.

The Court finds that the deposition transcript of Ms. Santiago was reasonably necessary for Orland Park's pre-trial preparation, because a plaintiff's testimony regarding the basis for her claims is typically necessary to the defense of the case. Accordingly, Orland Park may recover the costs associated with Ms. Santiago's deposition transcript. Orland Park seeks $1,213.75 for Ms. Santiago's deposition: $963.75 for the transcript (257 pages at $3.75 per page); and $250.00 for the court reporter's appearance fee for attending the deposition (Def. Notice of Filing Ex. A).

*First*, we address the amount Orland Park seeks for the deposition transcript itself. Taxable transcript costs "shall not exceed the regular copy rate as established by the Judicial Conference of the United States and in effect at the time of the transcript or deposition was filed unless some other rate was previously provided for by order of the court." LR 54.1(b), LOCAL RULES FOR THE UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS. The "Judicial Conference has established $3.30 as the rate per page for an original transcript." *Weiland v. Linear Construction, Ltd.*, 00 C 6172, 2004 U.S. Dist. LEXIS 356, at *4 (N.D. Ill. Jan 8, 2004). Thus, Orland Park may recover transcript costs only at a rate of $3.30 per page, reducing the taxable amount for Ms. Santiago's transcript to $848.10 (257 x $3.30).

4

*Second*, we address the $250.00 court reporter attendance fee that Orland Park seeks. The Seventh Circuit has upheld the discretion of trial judges to award court reporter deposition appearance fees as taxable costs. *Held v. Held*, 137 F.3d 998, 1002 (7th Cir. 1998). However, "in this case defendant's exhibit[] do[es] not indicate the number of hours spent by the court reporter of the hourly rate charged." *Alexander v. CIT Technology Financing Services, Inc.*, 222 F. Supp. 2d 1087, 1090 (N.D. Ill. 2002). The invoice simply states "APPEARANCE FEE" and "$250.00." (Def. Notice of Filing, Ex. A). "Therefore, the court cannot evaluate whether the appearance fees charged by the court reporter[] were reasonable." *Alexander*, 222 F. Supp. 2d at 1090. Accordingly, Orland Park may not recover the court reporter appearance fee.

For the foregoing reasons. Orland park may recover $848.10 in costs associated with the deposition of Ms. Santiago.

### 2. Additional Witness Depositions.

The depositions of Mary MacDonald, James Subka and David Nocera were all taken upon the plaintiff's notice (Def. Resp. to Pl. Obj. to Bill of Costs, at 6 and at Ex. D). Accordingly, Orland Park's costs associated with these deposition transcripts were reasonably necessary for its pre-trial preparation. The invoices submitted demonstrate the Orland Park was charged for 137 pages for the MacDonald deposition (137 x $3.00 = $411.00), 181 pages for the Subka deposition (181 x. $2.40 = $434.40), and 111 page for the Nocera deposition (111 x $2.40 = $266.40) (Def. Notice of Filing, Exs. B and C). Each of these amounts sought per page is less than $3.30 per page, and Orland Park thus may recover these costs. Additionally, with regard to Ms. MacDonald's deposition, the parties agree that the cost for reproducing 13 pages of exhibits associated with the deposition should be

charged at a rate of $0.10 per page for a total of $1.30. (Pl's Obj., at 6; Def. Resp. to Pl. Obj. to Bill of Costs, at 5).

Accordingly, for the foregoing reasons Orland Park may recover $1,113.10 for the costs associated with deposition transcript costs associated with Ms. MacDonald, Mr. Subka, and Mr. Nocera.

### B. Employment Records Obtained Through Record Copy Services.

Orland Park seeks $376.15 for service of subpoenas and for obtaining plaintiff's employment records from Record Copy Services ("RCS") (Def. Notice of Filing, Exs. E-G). Plaintiff argues that she is not liable for these costs for two reasons: (1) the "defendant has not made a showing that such records were 'reasonable and necessary'" and (2) the "defendant has failed in its burden to 'provide sufficient documentation'" (Pl.'s Obj., at 7).

*First*, we find that it was reasonable and necessary for Orland Park's defense for it to take steps to ensure it had complete records of Ms. Santiago's employment history. *Second*, a court may deny the recovery of subpoena costs where the requesting party fails to provide sufficient documentation to permit the determination of precisely how the costs were incurred. *XCO Int'l Inc. v. Pacific Scientific Co.*, 01 C 6851, 2003 U.S. Dist. LEXIS 7286, at *9 (N.D. Ill. Apr. 29, 2003) (denying subpoena costs where reasonableness of expenses could not be determined because submitted invoices did not reveal precisely how costs were calculated). In the Seventh Circuit, subpoena costs are limited to the rates that would be charged by the Marshal's Service. *Collins v. Gorman*, 96 F.3d 1057, 1070 (7th Cir. 1996). The Marshal's rate is currently $40.00 per hour for the first two hours and $20.00 for every hour thereafter, plus $0.31 per mile. *XCO Int'l.*, 2003 U.S. Dist. LEXIS 7286, at *8.

In this case, Orland park provided merely a list of invoices, along with the entity subpoenaed. There is no breakdown of how the costs were allotted. Without this information the Court cannot determine whether or not the subpoena costs were in excess of those charged by the Marshal's Service, and ultimately, whether they were reasonable. And, there is no evidence of the number of pages copied, or the charge per page. *See Krislov v. Rednour*, 97 F. Supp. 862, 871 (N.D. Ill. 2000) ("To collect for copying expenses, parties must typically provide the number of pages copied and the price per page"). Therefore, we find that Orland Park may not recover the costs for these services.

### C. Photocopying Expenses.

Orland Park seeks $143.92 for the copying and binding of the summary judgment papers, $47.60 for photocopying the plaintiff's EEOC file, and $46.50 for eleven documents Orland Park claims were necessary for use in the case (Def. Notice of Filing, Exs. D, H, and I). "A party may recover costs of copies provided to the Court and opposing counsel; it cannot recover for its own use." *Weiland*, 2004 U.S. Dis. LEXIS 356, at *5. Copy rates between $0.10 and $0.20 per page have been found to be reasonable. *Id.*

### 1. Copying and Binding of Summary Judgment Papers.

Orland Park's bill for $143.92 for the copying and binding of the summary judgment papers "fail[s] to separately delineate the charges for the separate binding/copy invoice, nor [does it] give any proof explaining whether these charges were necessarily incurred." *Weiland*, 2004 U.S. Dist. LEXIS 356, at *6. The invoice fails to state how much was charged per page of the 146 documents, how much was charged for the tab insertion, how much was charged for hourly hand collating, and

how much was charged for the binding. Therefore, Orland Park may not recover the $143.92 it seeks for the copying and binding of the summary judgment papers.

## 2. Copying of Plaintiff's EEOC.

Orland Park seeks $47.60 for the costs of photocopy the plaintiff's EEOC file. The plaintiff objects on three grounds: (1) this cost is "not contemplated under statute;" (2) the defendant has failed to make a showing that "such records were 'reasonable and necessary;'" and (3) the charges are excessive at $0.20 per page.

*First*, 28 U.S.C. § 1920(4) provides for the "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." Accordingly, the photocopying of records is contemplated under statute. *Second*, again, due to the nature of the plaintiff's claim, we find that it was reasonable and necessary to Orland Park's defense for it to take steps to ensure it had complete records of Ms. Santiago's EEOC file. *Third*, copy rates of between $0.10 and $0.20 per page have been found to be reasonable. *Weiland*, 2004 U.S. Dist. LEXIS 356, at *5. In this case, Orland Park has submitted an invoice demonstrating that it was charged $0.20 per page for 238 pages. Therefore, Orland Park shall be awarded $47.60 in costs (238 x $0.20).

## 3. Other Copying Costs.

Orland Park seeks $46.50 for costs associated with copying the following documents: Notice of Addition of Counsel, Answer to Complaint, Motion for Protective Order, Interrogatory Answers, Document Production, Motion for Leave to File Summary Judgment Motion Rule 56 Statement of Facts, Memorandum of Law in Support of Summary Judgment, Response to Plaintiff's Rule 56 Statement of Facts, Summary Judgment Reply Brief. With the exception of interrogatory answers and document production request all of the documents were filed with the Court (one copy to the

clerk of the district court, one copy for Chambers, and one copy for the plaintiff). Although an award of costs for "copies of papers necessarily obtained for use in the case" falls within the discretion of the Court (*i.e.*, the statute says "may be recovered"), in this case the Court will deny to award the $46.50 in copy costs given the plaintiff's alleged financial hardship.

## CONCLUSION

For the foregoing reasons, Orland Park's bill of costs is GRANTED in part and DENIED in part. The Court awards costs in the amount of $2,008.80, consisting of $1,961.20 in transcript costs, and $47.60 in photocopying expenses.[1]

ENTER:

SIDNEY I. SCHENKIER
**United States Magistrate Judge**

Dated: **February 17, 2004**

---

[1] The "plaintiff prays that if this Court finds that plaintiff must pay these costs, that it be ordered that the plaintiff be permitted to reimburse these costs over a period of three years, with a set amount due each month" (Pl.'s Obj., at 10). The Court cannot order an installment payment plan. For the plaintiff to pay defendant through an installment payment method, the plaintiff and defendant must agree that such a plan is acceptable.

9